**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Thomas K.,**[1] | : | |
| | : | **Case No. 2:24-cv-03494** |
| **Plaintiff,** | : | |
| **v.** | : | **Judge Graham** |
| | : | |
| **Commissioner of Social Security,** | : | **Chief Magistrate Judge Bowman** |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

Plaintiff Thomas K. ("Plaintiff") initiated this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") finding that Plaintiff's disability had ended as of May 10, 2022, and terminating his Disability Insurance Benefits ("DIB") as of that date. *See* Statement of Errors, doc. 10, # 1488. The Chief Magistrate Judge issued a Report and Recommendation ("R&R") which found Plaintiff's Statement of Errors unpersuasive and recommended that the Commissioner's final decision be affirmed. Doc. 14. Plaintiff's objections to the R&R are now before the Court and ripe for ruling. Doc. 16. For the reasons that follow, the Court **OVERRULES** the objections, **ADOPTS** the R&R, in full, and therefore **AFFIRMS** the Commissioner's final decision and **DISMISSES** this matter.

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

**LEGAL FRAMEWORK & STANDARD OF REVIEW**

*Social Security*

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A) (DIB), 1382c(a)(3)(A) (SSI). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

In the instant case, Plaintiff is challenging the result of a continuing disability review. The Chief Magistrate Judge correctly stated the particular standards guiding such review:

> When the Social Security Agency conducts a continuing disability review for DIB, it is guided by an eight-step sequential analysis. *See* 20 C.F.R. § 404.1594. Unlike the five-step analysis used to determine initial disability, the primary focus for a continuing review is on whether there has been medical improvement related to an individual's ability to perform work.
>
>> At step one in Title II claims, the ALJ examines whether the individual is engaging in substantial gainful activity. If the answer is yes, the individual's disability has ended. Step two is an examination of whether the individual had an impairment or combination of impairments which meets or equals the severity of a listed impairment. If the answer is yes, disability continues. Step three is an inquiry as to whether there had been medical improvement. Step four is an examination whether the medical improvement is related to the individual's ability to perform work. Step five is an analysis conducted if there has been no medical improvement

> or the medical improvement is not related to the individual's ability to perform work. Step six is a determination whether the individual's current impairments are severe. If there is no severe impairment, the individual is not disabled. Step seven is an assessment of the claimant's "ability to do substantial gainful activity" in accordance with 20 C.F.R. § 404.1560. That is, the ALJ determines the individual's residual functional capacity (RFC) based on all his current impairments and considers whether he can perform past relevant work. If he can perform such work, he is not disabled. Step eight is an administrative finding whether the individual can perform other work in light of his age, education, work experience and RFC. If he is capable of performing other work, he is not disabled. 20 C.F.R. §§ 404.1594(f), 416.994(f); *see Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 307-08 (3d Cir. 2012); *Delph v. Astrue*, 538 F.3d 940, 945–46 (8th Cir. 2008).
>
> *Valencia v. Commissioner of Social Security*, 216 F.Supp.3d 835, 837 (W.D. Mich. 2016). "There is no presumption of continuing disability." *See Kennedy v. Astrue*, 247 Fed. Appx. 761, 764 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286-87 n.1 (6th Cir. 1994)). At the same time, "[i]t is the Commissioner's ultimate burden of proof to establish that the severity of a claimant's impairment has medically improved, and that the claimant is now able to perform substantial gainful activity." *Couch v. Comm'r of Soc. Sec.*, No. 1:11-cv-174-SSB-KLL, 2012 WL 930864, at *3 (S.D. Ohio Mar. 19, 2012); *see also Kennedy*, *supra*, 247 Fed. Appx. at 765.

Doc. 14, # 1534-35.

*Judicial Review*

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct

legal standards. See *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746); *see also Wilson*, 378 F.3d at 545–46 (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

*Objections to a Report and Recommendation*

If a party raises timely objections to the report and recommendation of a magistrate judge, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 904 (E.D. Mich. 2021) "The filing of objections provides the district court with the opportunity… to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Id.* (quoting *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985)). Therefore, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Smith v. Detroit Fed'n of Tchrs. Loc. 231, Am. Fed'n of Tchrs., AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## SUMMARY OF ADMINISTRATIVE RECORD

Neither party raises any issues with the Chief Magistrate Judge's recitation of the ALJ's findings of fact and conclusions of law in the R&R:

> On February 7, 2019 when he was 30 years old, Plaintiff was awarded disability insurance benefits ("DIB") based on a combination of severe impairments including diabetes, poliomyelitis with left foot drop, chronic cellulitis of the right leg, and Hashimoto's disease. (Tr. 379; *see also generally* Tr. 374-382.) The decision was

retroactive to Plaintiff's alleged onset of disability date, October 28, 2016, when Plaintiff was 27 years old. (*Id.*) The February 7, 2019 decision is known as the "comparison point decision" ("CPD"). (Tr. 237.)

The ALJ who authored the CPD rejected the opinions of state agency medical consultants who opined that Plaintiff would still be able to work at the light exertional level with postural limitations. In so doing, the ALJ relied heavily on a lengthy October 2016 hospital admission for serious complications associated with Plaintiff's diabetes, his polio history, and a cellulitis infection that had worsened in his right leg. While hospitalized, he became septic and experienced acute kidney and renal failure. (Tr. 379). The ALJ also cited a January 2017 hospitalization which was based on similar complications including cellulitis in his right leg, accompanied by acute renal failure as well as severe hypotension and hyperkalemia. (*Id*.) ALJ Patricia S. McKay determined Plaintiff would need to elevate his legs for 15 minutes every hour. (Tr. 380.) However, the CPD also stated that "[*m*]*edical improvement is expected with appropriate treatment,*" and recommended a "continuing disability review in 36 months." (Tr. 381, emphasis added.)

Just over three years later in May 2022, the Social Security Administration conducted a "continuing disability review" and terminated Plaintiff's benefits. (Tr. 357-73.) In the 2022 decision, a state agency hearing officer determined that Plaintiff could perform work at the medium exertional level due to medical improvement. (Tr. 479-487.) The decision was upheld on reconsideration and Plaintiff requested a new evidentiary hearing before an ALJ. On May 24, 2023, ALJ Lesperance convened a telephonic hearing at which Plaintiff and an impartial vocational expert both testified. On July 17,

2023, ALJ Lesperance issued a written decision in which she determined that Plaintiff was no longer disabled. (Tr. 235-247.)

Plaintiff was 33 years of age on the cessation date, May 10, 2022. At the evidentiary hearing, Plaintiff testified that he resides with his son, his girlfriend and her daughters, ages six and ten. (Tr. 259.) He has a high school education, with past relevant work as a sales representative, an office helper, a retail salesperson, a fast food lead worker, a material handler, a sewing machine operator, and a warehouse worker. (Tr. 245.) Plaintiff worked part-time throughout his closed disability period, 2016 through 2022, but his earnings did not exceed substantial gainful activity. (Tr. 237.)

In her 2023 decision, ALJ Lesperance determined that as of May 10, 2022, Plaintiff's list of medically determinable impairments included "diabetes mellitus type I, poliomyelitis with left foot drop status post left Achilles' repair and leg length discrepancy; right Achille's tendonitis; mild degenerative joint disease bilateral knees with a loose body in the right knee, considered severe in combination with other issues." (Tr. 237.) No impairments, alone or in combination, met or medically equaled any Listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*.)

In comparing Plaintiff's 2022 impairments with the list of impairments determined to be severe in 2019, ALJ Lesperance noted three areas of medical improvement. First, the ALJ found that Plaintiff's Hashimoto's disease was no longer "severe." Next, she determined that Plaintiff's diabetic symptoms were much improved. Third, the ALJ discussed a "primary" area of improvement concerning Plaintiff's right leg.

> [T]he claimant no longer experiences significant or persistent cellulitis in the right leg. The grant of disability at the CPD by the prior ALJ was based on the need to elevate the legs 15 minutes every hour due to

> chronic infections in the right leg with cellulitis causing "extreme pain." However, in the current period, the record does not demonstrate any recurrent or chronic infection in the right leg, or significant cellulitis or swelling, or other basis to require frequent breaks or elevation.

(Tr. 237-238).

Based on her findings of medical improvement, ALJ Lesperance eliminated the Residual Functional Capacity ("RFC") limitation that required "15 minute breaks every hour to elevate his legs." (Tr. 379.) Instead, the ALJ found:

> Since May 10, 2022, the impairments present at the time of the CPD decreased in medical severity to the point where the claimant has had the residual functional capacity to perform a range of work between sedentary and light. He can lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently. He can stand/walk 2 hours in an 8-hour workday but sit without limitation. He can occasionally climb ramps and stairs, crouch, crawl, and stoop. He is unable to climb ladders, ropes, or scaffolds or work around hazards such as unprotected heights or work in proximity, moving mechanical parts, and cannot engage in occupational driving.

(Tr. 239-240)

Based upon Plaintiff's age, education, and RFC, and considering testimony from the vocational expert, the ALJ determined that Plaintiff still could not perform any of his past relevant work. (Tr. 245.) Nevertheless, she found that he could perform a significant number of unskilled sedentary jobs in the national economy, including the representative positions of order clerk, document preparer, and change account clerk. (Tr. 246.) Therefore, the ALJ determined that Plaintiff was no longer under a

> disability beginning on May 10, 2022 through the date of her July 17, 2023 decision. (Tr. 247.)
>
> The Appeals Council denied further review, leaving the ALJ's decision as the final decision of the Commissioner. In this judicial appeal, Plaintiff broadly argues that the ALJ's determination that his medical improvement resulted in the cessation of disability as of May 10, 2022 is not supported by substantial evidence.

Doc. 14, # 1529-33. [2]

**DISCUSSION**

Plaintiff encourages the Court to consider all the arguments he presents in his Statement of Specific Errors; however, his objections to the R&R are limited to a few points of reasoning.[3]

Plaintiff agrees with the Chief Magistrate Judge's statement of the standard for a continuing disability review but argues that "even where medical improvement related to the Plaintiff's ability to work has occurred, the ALJ 'must also show that you are currently able to engage in substantial gainful activity before we can find that you are no longer disabled.'" Doc. 16, # 1548 (quoting C.F.R. § 404.1594). But, to the extent Plaintiff is implying that the ALJ failed to perform this part of the analysis, he is incorrect. The ALJ recited this standard as to the final step of the analysis

[2] Page numbers following the "#" symbol refer to the ECF PAGEID numbering system. Page numbers following "Tr." refer to the pagination of the administrative record.

[3] As noted above, the Court need only conduct *de novo* review "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court reviews the remaining portions of the R&R—to which no objection is made—for clear error. Fed. R. Civ. P. 72, advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

(tr. 236) and performed such analysis regarding Plaintiff's RFC, concluding that, as of May 10, 2022, Plaintiff "was capable of making a successful adjustment to work that existed in significant numbers in the national economy." Tr. 247.

Plaintiff next asserts that "the [R&R] focuses on the ALJ's analysis of the medical improvement issue" but that "plaintiff alleges support for ongoing disability." Doc. 16, # 1549 (citing doc. 10, # 1500). Essentially, Plaintiff argues that the ALJ's nondisability finding was primarily based on medical improvements concerning Plaintiff's leg impairments, thus reasoning that the work-preclusive need to elevate his legs for 15 minutes every hour no longer applied, rendering Plaintiff capable of working. Plaintiff contends that the error in this reasoning is the ALJ's failure to consider that the medical improvements were *due to* that treatment—i.e., that Plaintiff's leg pain had only lessened because he was elevating them for 15 minutes every hour, meaning Plaintiff must continue that work-preclusive treatment.

But the Chief Magistrate Judge thoroughly addressed this argument in the R&R (*see* doc. 14, # 1535-43), and Plaintiff has not identified where the R&R's reasoning went astray. At bottom, Plaintiff argues that he needs to continue the leg-elevation treatment based on records from his primary care physician as well as his own testimony. But the ALJ's discounting of both the primary care physician and Plaintiff's testimony was well-explained (*see* Tr. 242-45), and the R&R exhaustively discussed why the ALJ's conclusions in that regard were well-supported (doc. 14 # 1539-42).

The substantially supported standard means that "there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley*, 581 F.3d at 406 (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). In other words, "[t]he Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). Thus, Plaintiff's citations to record evidence which the ALJ discussed and discounted in favor of contrary evidence is unavailing at this stage of review. *See id.* ("It is for the Secretary to resolve conflicts in the evidence and to decide questions of credibility."). Because the ALJ's conclusions are substantially supported, they must be affirmed.

**CONCLUSION**

For the reasons set forth above, the Court finds no error in the ALJ's conclusion that Plaintiff's disability ceased as of May 10, 2022. Therefore, Plaintiff's objections are **OVERRULED**, the Magistrate Judge's R&R is **ADOPTED**, Plaintiff's Statement of Specific Errors is **OVERRULED**, the Commissioner's finding that Plaintiff was no longer disabled as of May 10, 2022, is **AFFIRMED**, and this case is **DISMISSED**.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: August 7, 2026